AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California



| United States of America | ) | |
|---|---|---|
| v. | ) | |
| PHONGSAVANH SAYAVONG | ) | Case No. 1: 19 MJ 00134 SAB |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 23, 2019__ in the county of __Fresno__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. Section 5861(c), (d), (f) and (i) | (c) Receipt or possession of a firearm made in violation of the provisions of Title 26, Subtitle E, Chapter 53; (d) Receipt or possession of a firearm which is not registered to him in the National Firearms Registration and Transfer Record; (f) Unlawful manufacture of a firearm; and (i) Receipt or possession of a firearm which is not identified by a serial number as required by the provisions of Title 26, Subtitle E, Chapter 53<br>Maximum penalty for these offenses is 10 years prison, $250,000 fine, both fine and imprisonment, $100 special assessment (for each offense) |

This criminal complaint is based on these facts:

See affidavit of ATF Special Agent Brad Dickey, attached hereto and incorporated herein.

☑ Continued on the attached sheet.

*Complainant's signature*

Brad Dickey, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/28/19

*Judge's signature*

City and state: Fresno, CA     Stanley a Boone, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**Phongsavanh SAYAVONG,** | Case No.<br><br>AFFIDAVIT OF ATF SPECIAL AGENT BRADLEY DICKEY IN SUPPORT OF COMPLAINT |

**EXPERTISE, TRAINING AND EXPERIENCE OF THE AFFIANT**

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C.§ 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C.§ 2516. I have been employed with the ATF since April 2013. In November 2013 I graduated the ATF Special Agent Basic Training Academy in Glynco, Georgia. Since then I have been assigned to the ATF Fresno Field Office in Fresno, CA and to the Federal Bureau of Investigation, Safe Streets Task Force investigating gang and drug related crimes as a Task Force Officer.

2. Prior to working for the ATF, I was a police officer for the United States Supreme Court Police Department. I was hired by the United States Supreme Court Police Department in January 2011 after graduating from the Federal Law Enforcement Training Center's Uniformed Police Training Program. My duties included dignitary protection for all of the Associate Justices, courtroom security during judicial proceedings, and uniformed policing of the Supreme Court grounds and surrounding neighborhoods.

COMPLAINT AFFIDAVIT

3.      I have been a law enforcement officer since 2011 and have received training in and participated in several investigations including, gangs, drugs, fugitive, firearms, firearms trafficking, violent crimes, and others. My law enforcement experience includes conducting physical surveillance, interviewing witnesses, victims and suspects, writing affidavits for and executing search warrants, utilizing pole cameras and GPS devices, handling confidential informants, analyzing phone records obtained from subpoenas, search warrants, pen registers, trap and trace devices, and the physical devices, and collecting and processing evidence. Through my training and experience as a law enforcement officer, I have become familiar with the firearms manufacturing/dealing sub-culture including knowledge of how individuals who are engaged in the business of manufacturing and/or dealing firearms without a license operate. I have been either the case agent, undercover agent, or supporting agent in at least a dozen investigations which involved individuals who were manufacturing and/or dealing firearms without a license.

4.      I have also received specialized training and have approximately five years of experience in conducting research on firearms and/or ammunition to determine (1) whether they fall within the definition of Title 18, U.S.C.§ Section 921(a)(3) or 921(a)(17) and (2) the manufacturing location of the researched firearm/ammunition for the purpose of verifying whether the firearm/ammunition crossed state lines and affected interstate and/or foreign commerce.

### Purpose of Affidavit

5.      This affidavit is being submitted in support to show that there is sufficient probable cause for the arrest warrant for **Phongsavanh SAYAVONG** who was involved in violating the target offenses.

6.      I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other detectives from the Fresno Police Department; and from my review and analysis of records and reports relating to the investigation. Unless otherwise noted, wherever in

COMPLAINT AFFIDAVIT

this affidavit I assert that a statement was made, the information was provided by another agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint for the above mentioned subject I have not included details of every aspect of the investigation. Facts not set forth herein, are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application. Based on this familiarity and other information I have reviewed and determined to be reliable, I declare that the facts contained in this affidavit show that there is probable cause that **Phongsavanh SAYAVONG** has engaged in the following offenses:

    a)     26 USC § 5861(c) - Receipt or possession of a firearm made in violation of the provisions of Title 26, Subtitle E, Chapter 53;

    b)     26 USC § 5861(d) - Receipt or possession of a firearm which is not registered to him in the National Firearms Registration and Transfer Record;

    c)     26 USC § 5861(f) – Unlawful manufacture of a firearm;

    d)     26 USC § 5861(i) – Receipt or possession of a firearm which is not identified by a serial number as required by the provisions of Title 26, Subtitle E, Chapter 53.

## **PROBABLE CAUSE**

7.    On May 23, 2019, Fresno Police Department (FPD) detectives assigned to the Sexual Assault Unit, conducted surveillance on 3621 E Clay Ave, Apartment #21, Fresno, CA, the residence of **SAYAVONG**. **SAYAVONG** was wanted for multiple felony charges. Throughout the surveillance, **SAYAVONG** was observed at which time, detectives formulated a

COMPLAINT AFFIDAVIT

plan to arrest **SAYAVONG** and execute a State search warrant of the residence that was previously signed by the Honorable Judge A. Harrell III.

8. At approximately 0850 hours, **SAYAVONG** departed the residence in a vehicle at which time, he was arrested.[1] Officers found a Glock handgun in the vehicle. **SAYAVONG** told an officer that he had an AR rifle at his residence that was assembled but unloaded in his bedroom. Officers executed the search warrant. Following entry into the residence and upon searching, detectives located several electronic devices to include cell phones as well as firearms manufacturing tools, evidence of recent manufacturing, and an AR-15 style rifle that was located in **SAYAVONG's** bedroom in plain view[2]. Upon an initial inspection of the rifle, detectives observed that the rifle did not contain any markings (i.e. manufacturer, model, serial numbers) and was believed to them to be a homemade firearm due to the other evidence of firearm manufacturing that was located inside the apartment. Additionally, the firearm had what appeared to be a silencer attached to its muzzle. Detective Chris Aranas contacted your affiant to respond to the location to assist with the identification of potential firearm related evidence and to determine if the device that was attached to the muzzle of the firearm was in fact a silencer.

9. When I arrived at the location, Detective Aranas directed me inside the apartment. Upon entry, I immediately noticed a drill press that was located inside the front door.

---

[1] When SAYAVONG was arrested, officers seized a cell phone from his person (referred to hereinafter as "Subject Cell Phone."
[2] Detectives spoke with the apartment manager of the complex and determined that **SAYAVONG** was the sole tenant at that apartment. Additionally, indicia belonging to **SAYAVONG** was also found in the bedroom, in close proximity to the AR-15 rifle. Finally, I have reviewed jail calls made by **SAYAVONG**, and in at least one call, **SAYAVONG** had conversations with an unidentified individual which indicated that he was aware that eviction proceedings were being sought by the apartment manager, indicating that he was, in fact on the lease.

COMPLAINT AFFIDAVIT

4

Additionally in the residence were other tools and jigs[3] that I know from my training and experience are commonly associated with firearms manufacturing. Detective Aranas then directed me to the AR-15 rifle that was located in the bedroom. I was informed that the firearm had not been touched by detectives prior to my arrival.

10.     I then picked up the firearm to examine the suspected silencer. As I examined the silencer, I immediately noticed that the device that was attached to the muzzle of the firearm was completely hollow inside and therefore would not function as silencer or sound muffling device. However, I further examined the firearm and noticed that a "third pin hole"[4] existed on the lower receiver. I then opened the firearm and discovered that an "auto sear"[5] had been installed into the lower receiver. I closed the firearm and conducted a function test which indicated that the firearm would function automatically (i.e. one squeeze of the trigger would result in more than one round fired) when the selector switch was in the third, or automatic, position. Therefore the firearm was a machinegun as classified by Title 26 U.S.C. § 5845(b) and was therefore subject to the provisions of Title 26, Chapter 53, The National Firearms Act.

11.     Upon discovering the status of the firearm, detectives wrote an addendum to their existing warrant which included the seizure of firearms and firearms manufacturing related

---

[3] A jig is a guide that is used to direct manufacturers of homemade firearms as to where to drill holes and remove material so that the firearm forms (also known as 80% firearms) can be successfully assembled following the milling/manufacturing process.

[4] A semi-automatic AR-15 style firearm is manufactured with two pin holes each of which holds a pin that attaches fire control components (mechanical devices that are directly linked to the trigger which allow the firearm to fire) to the lower receiver. Automatic AR-15 style firearms contain a third pin hole that is located directly above the safety selector switch on the lower receiver. This third pin hole contains a pin which attaches an automatic sear (mechanical device which enables the firearm to fire in automatic functionality) to the lower receiver.

[5] An auto sear or automatic sear is an internal component that enables an AR-15 style firearm to function automatically as a machinegun.

COMPLAINT AFFIDAVIT

evidence. The aforementioned machinegun was seized by FPD under the provisions of the additional search warrant.

12.  Additionally, as previously mentioned, electronic devices were also taken during the execution of the search warrant and **SAYAVONG's** arrest. An additional search warrant was also written which allowed the extraction of evidence from those electronic devices. During the search of the Subject Cell Phone[6] ( the one seized from **SAYAVONG's** person when he was arrested as noted above), detectives located several items indicating **SAYAVONG's** apparent knowledge of the firearm manufacturing activity and, more specifically, the machinegun that was located inside his apartment. First, documents were located which provided instructions for using jigs to manufacture firearms as well as one document which identified the differences of a semi-automatic and automatic AR-15 receiver. This document showed the location where the third pinhole would be located and even provided a picture of an auto sear which was circled. Additionally, on the cell phone there was a photograph of an AR-15 style firearm that had the third pinhole that was being held by an unidentified person.

13.  I know from my training and experience that individuals who manufacture their own firearms often require a basic level of training or knowledge to successfully complete a homemade firearm. To obtain training or knowledge, homemade firearm manufacturers will either communicate with other individuals who have prior knowledge, research instructions through retailers who sell 80% firearms, research instructions through firearms manufacturing publications, or research instructions from the internet. Based on the drill press, jigs, metal shavings, and instructional material and the photograph that was found on **SAYAVONG's** cell

---

[6] The phone also had at least one selfie-type photo of **SAYAVONG**, and a photo of **SAYAVONG** appearing to fire a gun.

COMPLAINT AFFIDAVIT

6

phone, I believe that he manufactured the aforementioned machinegun in violation of Title 26 USC § 5861(f). Furthermore, the firearm that was manufactured by **SAYAVONG** did not have manufacturer's markings such as a serial number as is required by Title 26 USC § 5861(i) and therefore was also in violation of 26 USC § 5861(c).

14. On June 26, 2019, I requested a query of the National Firearms Registration and Transfer Record for **SAYAVONG**. The query yielded negative results, indicating that **SAYAVONG** does not legally possess any firearms as described under Title 26 U.S.C. § 5845 and was in violation of Title 26 § 5861(d).

15. I request that an arrest warrant be issued for **Phongsavanh SAYAVONG** who has violated the offenses set forth above.

16. I declare under penalty of perjury that the facts contained herein are true and correct to the best of my knowledge and belief.

///

Bradley J. Dickey
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives,

SWORN TO BEFORE ME, AND SUBSCRIBED
IN MY PRESENCE THIS DAY

6/28/19
(Date)

Honorable Stanley A. Boone
U.S. Magistrate Judge

Approved as to form:

/s/ Kimberly A. Sanchez
KIMBERLY A. SANCHEZ
Assistant U.S. Attorney

COMPLAINT AFFIDAVIT

7